# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LUCKY,<br><br>        Petitioner,<br><br>    v.<br><br>BERNIE ELLIS,<br><br>        Respondent. | 1:06 CV 0505 AWI WMW HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 15] |

Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 21, 2008, the Magistrate Judge filed findings and recommendations herein. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days.  No objections were filed.[1]

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C this court has conducted a

---

[1] The court notes that the copy of the findings and recommendations served on Petitioner was returned by the United States Postal Service.  Pursuant to Local Rule 83-182(f), service on a party at their address of record is fully effective.

1

de novo review of this case.   See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).   Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds reasonable jurists would not disagree with this court's determination that this action is subject to dismissal for Plaintiff's failure to prosecute. Accordingly, a  certificate of appealability will be denied.

Based on the foregoing, it is HEREBY ORDERED  that:

1. The findings and recommendations issued by the Magistrate Judge on May 21,  2008, are a adopted in full;
2. The Petition for Writ of Habeas Corpus is DISMISSED for failure to prosecute;
3. The Clerk of the Court is directed to enter  judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:  July 7, 2008**               /s/ Anthony W. Ishii
                    CHIEF UNITED STATES DISTRICT JUDGE